THE PEOPLE *v.* CEBULDAN.

APPEAL from the District Court of Mayagüez.

No. 453.—Decided October 17, 1912.

CRIMINAL LAW—MURDER—SUFFICIENCY OF INFORMATION—OMISSION OF WORDS "HUMAN BEING."—It being necessary to constitute the crime of murder, that the being killed was a "human being," there is no doubt that this element is an essential allegation in all informations for murder; but when, as in the case at bar, the information begins by charging the defendant with the crime of murder in having killed José Reyes Lucian, which name signifies it was a human being and not an animal, and also employs the words "assault and battery," etc., which can refer logically only to a person and not to an animal, the omission of the words "human being" does not make the information fatally defective for it is evident that the defendant is charged with the crime of murder for having killed a human being and not an animal.

The facts are stated in the opinion.
*Mr. José Benet* for appellant.
*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The only question presented by this appeal is the sufficiency in law of the information. The appellant maintains that the information is defective because, purporting to be a prosecution for murder, it fails to state that the thing or being killed was a human being.

The code requires a statement that the being slain was a human being, and that this is an essential averment is made clear by *The People* v. *Lee Look,* 137 Cal., 590, cited by the *fiscal.* The court, however, in that case goes on to say that it does not mean to hold that an indictment for murder cannot be sufficient without an express averment that the thing killed was a human being, although there seemingly was no good reason for leaving out that part of the statutory defini-

tion; that there might be other language used which necessarily implied that the killing was of a human being, and in such case to designate the deceased by an appellation which could reasonably be considered as the name of a person would be sufficient without the further expressed statement that the deceased was a human being; that where, for instance, the defendant was charged with the crime of murder, or where, as is usual, it is averred that the defendant "did kill and murder," it may be reasonably inferred that the killing was of a human being; because, to constitute murder, there must be the killing of such a being. It was urged in the case of Lee Look that the information there presented was a model of brevity, although the information in that case merely charged the defendant with having committed a felony and having with malice aforethought killed Lee Wing, and there could be no certainty whether Lee Wing was a human being or a dog or a horse. The court, however, suggested, among other things, that the information would have been better if, instead of using the word "felony," the word "murder" had been used.

In the case before us the whole information is as follows:

"The *fiscal* presents an information against Arturo Cebuldán for the crime of murder in the first degree (felony), committed in the following manner:

"The said Arthur Cebuldán, in the city of Mayagüez, P. R., which forms a part of this judicial district, on or about April 27, 1911, then and there illegally, voluntarily, and with malice aforethought, and with firm and deliberate intent, and showing himself to have an abandoned and malignant heart, killed José Reyes Luciano by assaulting and battering him with a blunt instrument and causing three wounds in the skull which then and there caused his death."

It therefore appears that the defendant was notified that he was charged with murder. He was also notified that the murdered being's name was *José Reyes Luciano,* a name that is presumptively the name of a human being and with great improbability would be the name of a horse or other animal.

Furthermore, the use of the words "assaulting and battering him" lends additional force to the supposition that the slain being was a person, because the crime of assault and battery does not arise from a case of criminal aggression against an animal. We think it is much better practice for the information to state clearly that the killing or murder was committed on a human being, but under all the circumstances of this case the defendant was fairly apprised of the fact that José Reyes Luciano was a human being, and therefore the judgment of conviction will have to be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.